# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **FRANCISCO VILLAGOMEZ,** *Petitioner* § § § | |
| | 1:22-CV-00554-LY-SH |
| v. § § | |
| **GERALDO ROSALEZ, Warden,** *Respondent* § § § | |

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
        UNITED STATES DISTRICT JUDGE

Before the Court is Petitioner Francisco Villagomez's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, filed June 7, 2022 (Dkt. 1); Respondent Warden Rosalez's Response to Petition, filed September 23, 2022 (Dkt. 7); Respondent Warden Rosalez's Supplemental Response to Petition, filed November 22, 2022 (Dkt. 12); and Petitioner's Traverse to Respondent's Supplemental Response, filed December 19, 2022 (Dkt. 13). The District Court referred the case to this Magistrate Judge pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and the Court Docket Management Standing Order for United States District Judge Lee Yeakel. Dkt. 2.

## I.   Background

Petitioner Francisco Villagomez was indicted March 21, 2017 for felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count 1); user or addict in possession of a firearm, in violation of 18 U.S.C. § 922(g)(3) (Count 2); and possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(k) (Count 3). *United States v. Villagomez*, 1:17-CR-

00144-RP, Dkt. 1 (W.D. Tex. Mar. 21, 2017). On April 27, 2017, the 147th District Court of Travis County, Texas sentenced Villagomez to two years imprisonment for related state charges. Dkt. 7-1 at 3. On July 21, 2017, while Villagomez was in Texas state custody, United States Marshals executed a Writ of Habeas Corpus Ad Prosequendum and took him into federal custody. *Id.*

Villagomez pled guilty to Count 1 of the Indictment, felon in possession of a firearm, and was sentenced to a 120-month term of imprisonment, three years of supervised release, a $100 special assessment fee, and an order of forfeiture. *Villagomez*, Dkt. 45 (W.D. Tex. Mar. 21, 2017). He filed a direct appeal of his sentence to the Fifth Circuit, arguing that the district court erred by (1) miscalculating his base offense level under the United States Sentencing Guidelines, (2) failing to credit his time served on undischarged state sentences, and (3) failing to order that his federal sentence run concurrent to any time remaining on his state sentences. *United States v. Villagomez*, 768 F. App'x 168 (5th Cir. 2019). The Fifth Circuit held the district court's calculation of the base offense level erroneous, vacated the judgment, and remanded for the district court to resentence Villagomez and consider the remaining issues in the first instance. *Id.* On remand, the district court resentenced Villagomez to a 100-month term of imprisonment, to run concurrently with his state sentence. *Villagomez*, Dkt. 70 (W.D. Tex. Mar. 21, 2017).

In his Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, Villagomez argues that the Bureau of Prisons ("BOP") improperly calculated his sentence. Villagomez, who is in the Bastrop Federal Correctional Institution, argues that the BOP erred by not awarding him time credit for 7½ months in custody, part in state custody serving his Texas state sentence and the remainder in federal custody under a Writ of Habeas Corpus Ad Prosequendum.

## II.  Legal Standard

A petitioner may seek habeas relief under 28 U.S.C. § 2241(c)(3) if he is "in custody in violation of the Constitution or laws or treaties of the United States." A prisoner bringing a § 2241

petition is limited to attacking "the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

The Attorney General, through the BOP, is responsible for administering a district court's sentence. *United States v. Wilson*, 503 U.S. 329, 335 (1992). The BOP, not the district court, has the statutory authority to decide "*where* a federal sentence will be served, *when* it begins, and, in certain respects, *how long* it will last." *United States v. Aparicio*, 963 F.3d 470, 478 (5th Cir. 2020) (citation omitted); *see also United States v. Dowling*, 962 F.2d 390, 393 (5th Cir. 1992) (stating that "credit awards are to be made by the Attorney General, through the Bureau of Prisons, after sentencing"). Therefore, "[t]he BOP, not the district court, is empowered to calculate 18 U.S.C. § 3585(b) credits after the prisoner begins his sentence." *Aparicio*, 963 F.3d at 478. Prisoners are afforded administrative review of their credit computation and may seek judicial review of the computation after exhausting administrative remedies with the BOP. *Id.*

### III. Analysis

Villagomez argues that the BOP improperly calculated his sentence because he did not receive time credit for the period he was in custody from April 27, 2017, when his state sentence was imposed, to December 14, 2017, when his federal sentence was imposed. Villagomez also argues that the transcript of his resentencing shows that the district court intended to have the "time spent on the state sentence credited to the concurrent federal sentence." Dkt. 13 at 2.

The government responds that Villagomez cannot receive time credit for the requested period as it was applied towards his state sentence. The government also argues that the district court's intention to have the sentences run concurrently does not affect the calculation of Villagomez's time credits.

Time credits for prior custody are calculated pursuant to 18 U.S.C. § 3585:

> (a) Commencement of sentence. A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody. A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

The earliest date a federal sentence can commence is the date on which it is imposed. *United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980). This is true even if a sentence is to run concurrent with a previously imposed term. *Id.* (holding that a "sentence could not be concurrent prior to the date it is pronounced, even if made concurrent with a sentence already being served"). The time Villagomez spent in custody after the imposition of his state sentence but before the imposition of his federal sentence thus is not part of his federal sentence, even though the district court ordered that the sentences be served concurrently.

Villagomez also is not entitled to time credit under § 3585(b) during time he was in custody from April 27, 2017 to December 14, 2017. Section 3585(b) allows the BOP to award time credit for time "that has not been credited against another sentence." But Villagomez has already received time credit against his state sentence for this period. Dkt. 7-1 at 4. Thus, § 3585(b) prohibits the BOP from crediting the time to his federal sentence. *See United States v. Wilson*, 503 U.S. 329, 337 (1992) ("Congress made clear that a defendant could not receive a double credit for his detention time."); *Leal v. Tombone*, 341 F.3d 427, 430 (5th Cir. 2003) (holding that BOP was not

4

required to credit petitioner's time serving state sentence against his federal sentence). That Villagomez was transferred to federal custody under a Writ of Habeas Corpus Ad Prosequendum during this period does not alter the outcome. When a petitioner receives credit toward his state sentence for time spent in federal custody under a writ of habeas corpus ad prosequendum, he is not entitled to receive credit toward his federal sentence for the same time served. *Munoz v. United States*, No. 03-CR-1821, 2007 WL 708567, at *2 n.11 (W.D. Tex. Mar. 2, 2007) (citing *Vignera v. Attorney Gen. of U.S.*, 455 F.2d 637, 637-38 (5th Cir. 1972) (per curiam)).

Nor does Villagomez meet the limited exception set out in *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971). Under the *Willis* exception, a petitioner serving concurrent state and federal sentences whose state sentence is equal to or less than his federal sentence receives credit toward his federal sentence for all presentence, non-federal custody on or after the federal offense until the date that the first sentence begins. The BOP has incorporated this exception in Program Statement 5880.28. The *Willis* exception is available only for time spent in custody before the imposition of the first sentence. *Edison v. Berkebile*, No. 3-07-CV-0549-D, 2008 WL 577218, at *4 (N.D. Tex. Feb. 29, 2008), *aff'd*, 349 F. App'x 953 (5th Cir. 2009). Because Villagomez's state sentence was imposed on April 27, 2017, he is not entitled to time credit for any time after that date under the *Willis* exception.

Finally, the Court ordered the government to file a supplemental response addressing whether Villagomez's sentence was adjusted under United States Sentencing Guidelines Manual § 5G1.3 at his resentencing. Dkt. 11. The government stated in its supplemental response that Villagomez's resentencing concerned calculation of his criminal history points and whether his sentences would run concurrently; it does not otherwise affect the BOP's time credit calculation. Dkt. 12 at 2. In reply, Villagomez argues that the district court did not adjust his sentence under 5G1.3(b)(1),

which provides: "The court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such a period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons." Because this argument raises an error that occurred at sentencing, not how a sentence is being carried out, it is not cognizable in a § 2241 petition. *Farmer v. Chandler*, No. 4:13-CV-554-A, 2013 WL 5716878, at *4 (N.D. Tex. Oct. 21, 2013) (citing *McKinley v. Haro*, 83 F. App'x 591, 692 (5th Cir. 2003)).

### IV.     Recommendation

For these reasons, the undersigned Magistrate Judge **RECOMMENDS** that the District Court **DENY** Francisco Villagomez's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241.

### V.     Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on March 8, 2023.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE